# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAIME JAMES ROA | § |
| | § Civil Action No. 4:18-CV-168 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| CITY OF DENISON, ET AL. | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 2, 2018, the report of the Magistrate Judge (Dkt. #102) was entered containing proposed findings of fact and recommendations that Plaintiff's "Motion for Leave to File Third Amended Complaint (TAC)" (Dkt. #79) be denied. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #105), and having conducted a de novo review[1], the Court is of the opinion that the Magistrate Judge's report (Dkt. #102) should be adopted.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 12, 2018, Plaintiff filed the instant suit against Defendants City of Denison Mayor Jared Johnson, City Manager Jud Rex, Denison Chief of Police Jay Burch, and Rodney Mays of Matrix Demolition, LLC, for the purportedly illegal demolition of Plaintiff's real property at: 715 W. Sears St., Denison, Texas 75020 (the "Property"), illegal special assessment lien, and stalking of Plaintiff using GPS technology (Dkt. #1). Plaintiff filed a further amended pleading

---

[1] The Magistrate Judge treated this motion as a dispositive motion and issued a report and recommendation. Although the Court finds that this motion is a non-dispositive motion, the Court finds that the Magistrate Judge's decision was correct whether decided under a de novo or clearly erroneous standard.

on April 2, 2018, adding details about his academic resume, religious beliefs, and various studies in architecture and also naming additional defendants (Dkt. #8).  On May 14, 2018,[2] the Court allowed Plaintiff a further and final opportunity to amend his complaint, making such amendment due on or before July 13, 2018 (Dkts. #24; #25).  The Court expressly admonished Plaintiff that such amended complaint must set forth any and all factual allegations and/or claims against any and all defendants.  Plaintiff thereafter moved for additional time to file his amended complaint, which the Court granted in part, ultimately permitting Plaintiff until July 20, 2018, to file his amended complaint (Dkt. #48).  On July 20, 2018, Plaintiff filed a seventy-seven (77) page Second Amended Complaint, adding numerous new factual allegations and twelve (12) new defendants (Dkt. #57).  On October 5, 2018, Plaintiff filed his Motion for Leave and proposed Third Amended Complaint (Dkts. #79; #80), seeking leave to file a further amended complaint containing additional factual allegations and naming even further additional defendants.  On November 2, 2018, the Magistrate Judge entered a Report, recommending that Plaintiff's Motion for Leave be denied (Dkt. #102).  Plaintiff filed Objections to the Report on November 30, 2018 (Dkt. #105).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  The Magistrate Judge recommended that Plaintiff's Motion for Leave be denied because: (1) Plaintiff has been previously provided with numerous opportunities to file an amended complaint; (2) Plaintiff may not further amend his complaint as a matter of course; (3) justice does not require

---

[2] The Report mistakenly listed the Hearing date as May 14, 2014.  Such typographical error does not alter or otherwise undermine the Report's analysis and ultimate conclusion.

any such amendment following consideration of each of the recognized factors; and (4) leave to amend the added allegations and claims would be futile.

Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his Motion for Leave to File (Dkt. # 105). Specifically, Plaintiff objects that: (1) the Magistrate Judge's conclusion did not consider his rights under the America with Disabilities Act ("ADA") and Older Americans Act ("OAA"); (2) the cases cited in the Report are "bad law" that do not apply to Plaintiff as a *pro se* litigant; (3) Plaintiff meets the good cause requirement given his rights under the ADA and OAA; and (4) the Magistrate Judge's conclusion that further amendment would be futile is incorrect (Dkt. #105). Plaintiff asks the undersigned to declare his Third Amended Complaint the live pleading in this case.

*Plaintiff's Special Status*

Plaintiff argues that the Magistrate Judge erred in recommending that his Motion for Leave be denied because the Report did not expressly reference the "ADAAA-2009" and therefore, did not consider his rights under the OAA, his disability (that he is not a native English speaker), and his status as a *pro se* litigant (Dkt. #105 at pp. 4, 7–8). Plaintiff contends that his Motions seeking the Court's acknowledgment of his rights under the ADA and OAA (Dkts. #44; #46) "should have triggered the approval of the [Third Amended Complaint] with accompanying statement for the record because Plaintiff's motion explained the delay" due to his disability protected by the ADA and his rights under the OAA (Dkt. #105 at p. 6).

The ADA and OAA do not guide the Court's analysis regarding whether Plaintiff should be given leave to file his Third Amended Complaint. Moreover, although Plaintiff's status as a *pro se* litigant does allow Plaintiff greater leniency in prosecuting his case than what would be afforded a licensed attorney, this lenience does not and cannot reach the level that Plaintiff suggests

3

(i.e., his *pro se* status does not immunize him against the Court finding his Third Amended Complaint constitutes a futile amendment). *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (*pro se* litigants are still required to provide sufficient facts in support of their claims). Even so, the Magistrate Judge has considered both that Plaintiff is not a native English speaker, is of advanced age, and is prosecuting this case as a *pro se* litigant throughout this case's record by granting Plaintiff multiple extensions and additional opportunities to prosecute and explain why his case should not be dismissed (Dkts. #24, #25, #48). Plaintiff's argument that the Magistrate Judge did not consider his alleged disability, senior citizenship, and *pro se* status is unfounded. For these reasons, this objection is overruled.

Plaintiff also objects to the case law cited in the Report, arguing that it is "bad law" and does not apply to a *pro se* litigant (Dkt. #102 at p. 4). Plaintiff is mistaken; the distinction he attempts to draw between his circumstances and the cases cited by the Report are irrelevant. Plaintiff is not excused from the directives contained in Rule 15 by virtue of his status as a *pro se* litigant. *See Draper v. Ott*, A-14-CV-945-LY, 2015 WL 808387, at *3 (W.D. Tex. Feb. 25, 2015), *report and recommendation adopted*, A-14-CA-945-LY, 2015 WL 11430821 (W.D. Tex. May 7, 2015). Plaintiff's objection is overruled.

*Rule 15(a)(2) Factors*

Plaintiff objects to the Magistrate Judge's finding that his Third Amended Complaint evidenced Plaintiff's dilatory motive, would unduly prejudice Defendants, and constituted a futile amendment. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Federal Rule of Civil

Procedure 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

The Magistrate Judge found that "Rule 15(a)(2) does not apply here because justice does not require the Court grant Plaintiff leave to further amend" (Dkt. #102 at p. 2). The Report specifically stated that:

> the Court gave Plaintiff sixty (60) days to file an amended complaint, and admonished Plaintiff that such amended complaint must set forth any and all factual allegations and/or claims asserted by Plaintiff against any defendants in this matter. . . Plaintiff now avers. . . that he intended to add other defendants (named for the first time in his Third Amended Complaint filed months after the Second Amended Complaint) to his Second Amended Complaint, "but had no motion for it (since [his] filings are done under the OAARA, that should be acceptable en lieu of it)." Plaintiff also argues an illness, his inability to read and write quickly in English, and his senior citizenship are sufficient reasons to justify any delay in filing this third amended complaint. . . Moreover, Plaintiff's proposed amendments consist largely of details related to events already mentioned in his Second Amended Complaint, and which occurred years ago; Plaintiff would have known about such events both before filing the instant suit and before filing the Second Amended Complaint. And, in any event, leave to amend the added allegations and claims would be futile: the allegations simply do not cure the deficiencies raised in Defendants' Motion to Dismiss

(Dkt. #102 at p. 3). Plaintiff argues that "he meets the good cause standard" because he "complied and timely filed a Second Amended Complaint,"[3] and was burdened with "read[ing], plan[ning], research[ing], and respond[ing]" to the various Motions to Dismiss filed in this matter (Dkt. #102 at p. 5).

---

[3] Plaintiff also complains that the Court erred by imposing a deadline for the filing of his Second Amended Complaint, instead of imposing a "flexible directive, like an update" to comply with the ADA and OAA (Dkt. #102 at p. 7). Plaintiff fails to support this contention with any authority; Plaintiff's objection is overruled.

5

The Court finds, as the Report concluded, that justice does not require the Court grant Plaintiff leave to further amend. On May 15, 2018, the Court ordered Plaintiff to amend his Complaint within sixty days for the express purpose of considering all of his factual allegations and claims (Dkts. #24; #25). On July 2, 2018, Plaintiff moved for an additional extension of time to file his amended pleading (Dkt. #45), which the Court granted in part, giving Plaintiff until July 20, 2018 to file his Second Amended Complaint (Dkt. #48). Plaintiff filed his Second Amended Complaint on July 20, 2018 (Dkt. #57). Then, nearly three months after the Court ordered him to file any and all claims he pursues in this lawsuit and only after Defendants had expended resources yet again moving to dismiss Plaintiff's claims did Plaintiff again seek leave to file a further amended complaint. Indeed, Plaintiff avers that he timely filed his Second Amended Complaint with the knowledge that it would need to be amended (Dkt. #105 at p. 8): knowledge that he waited an additional two and a half months to act on (and only after seeing that Defendants were moving to dismiss his claims). The record clearly demonstrates that Plaintiff has been provided ample opportunity to file an amended complaint setting forth any and all factual allegations and/or claims asserted by Plaintiff in this matter. Plaintiff's objection is overruled.

Plaintiff objects that the Magistrate Judge incorrectly found that his Third Amended Complaint did not cure all of his pleading deficiencies and constituted a futile amendment (Dkt. #105 at p. 9). Plaintiff argues that this conclusion "is the biggest fallacy in the whole R&R, given that the [Third Amended Complaint] is all true, backed with factual evidence, and it is in denial of the reality of the case and violations of the law" (Dkt. #105 at p. 9). The Court agrees with the conclusion of the Magistrate Judge that Plaintiff's Third Amended Complaint fails to remedy Plaintiff's pleading deficiencies. Plaintiff has been provided with arguments related to his potential pleading deficiencies in various Motions to Dismiss which were filed and subsequently

withdrawn or denied in this case (Dkts. #7; #10). The proposed Third Amended Complaint does not remedy any of those deficiencies identified in Plaintiff's Second Amended Complaint, nor does it connect any of Plaintiff's research about racism in America to the claims he raises in this lawsuit. Furthermore, Plaintiff's proposed Third Amended Complaint primarily details events from years ago which are already addressed in his Second Amended Complaint; these are events that Plaintiff would have known about before filing the instant suit and before filing the Second Amended Complaint. The record demonstrates that Plaintiff has squandered the multiple opportunities the Court has provided to him to best state his claims. Plaintiff's objection is overruled.

As a final matter, the Court notes that the arguments contained in Judge Fallon's Motion to Dismiss are premised on Plaintiff's allegations in the Third Amended Complaint (Dkt. #100). Plaintiff's Third Amended Complaint is not the live pleading in this matter; therefore, because the Motion does not discuss the live pleading, Judge Fallon's Motion to Dismiss is moot. *See Cox v. Arkansas Best Corp.*, 4:06CV92, 2006 WL 1517584, at *n.1 (E.D. Tex. May 25, 2006).

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #105), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #102) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's "Motion for Leave to File Third Amended Complaint (TAC)" (Dkt. #79) is **DENIED**.

It is further **ORDERED** that Judge Fallon's Motion to Dismiss (Dkt. #100) is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

**SIGNED this 27th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE