# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAIME JAMES ROA § | |
| § | Civil Action No. 4:18-CV-168 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CITY OF DENISON, ET AL. § | |

## ORDER

Pending before the Court are Plaintiff's "Motion for Judicial Notice of Plaintiff's Rights Under the Older Americans Act Reauthorization Act (OAARA-2016)" (Dkt. #120) and "Motion to Have the Third Amended Complaint (TAC) as the Live Pleading" (Dkts. #121; #122), both of which the Court construes herein as requests for reconsideration. After reviewing the Motions, and all other relevant filings, the Court finds the Motions are **DENIED**.

### BACKGROUND

On March 12, 2018, Plaintiff filed the instant suit against various Defendants for their purportedly illegal demolition of Plaintiff's real property at: 715 W. Sears St., Denison, Texas 75020 (the "Property"), illegal special assessment lien, and stalking of Plaintiff using GPS technology (Dkt. #1). Plaintiff filed an amended pleading on April 2, 2018 (Dkt. #8). On May 14, 2018, the Court allowed Plaintiff a further (and final) opportunity to amend his complaint, making such amendment due on or before July 13, 2018 (Dkts. #24; #25). The Court expressly admonished Plaintiff that such amended complaint must set forth any and all factual allegations and/or claims against any and all defendants. Plaintiff thereafter moved for additional time to file his amended complaint, which the Court granted in part, ultimately permitting Plaintiff until July 20, 2018, to file an amended complaint (Dkt. #48). On July 20, 2018, Plaintiff filed a seventy-seven (77) page Second Amended Complaint (Dkt. #57). Several months later, on

October 5, 2018, Plaintiff sought leave to file yet a further amended complaint (Dkts. #79; #80). The Magistrate Judge recommended that Plaintiff's request for leave be denied (Dkt. #102). On March 27, 2019, the undersigned adopted the Magistrate Judge's recommendation, denying Plaintiff's "Motion for Leave to File Third Amended Complaint (TAC)" (Dkt. #118); thereafter, on March 28, 2019, the undersigned also dismissed the entirety of Plaintiff's claims against Defendants with prejudice (Dkt. #119).

On March 29, 2019, Plaintiff filed the instant "Motion for Judicial Notice of Plaintiff's Rights Under the Older Americans Act Reauthorization Act (OAARA-2016)," wherein he requests the Court note and take appropriate action based upon his rights under the Older Americans Act (Dkt. #120). On April 1, 2019, Plaintiff filed his "Motion to Have the Third Amended Complaint (TAC) as the Live Pleading" and Attachment, requesting, in light of his rights under the Older Americans Act, that the Court review and reverse its determination to deny Plaintiff's "Motion for Leave to File Third Amended Complaint (TAC)" (Dkts. #121; #122).

Though not named as a Motion for Reconsideration, Plaintiff presents "the opportunity for this Court to apply the law: taking back the R&R and ordering the TAC to be the Live Pleading" (Dkt. #121 at p. 6). "[W]hen a district court dismisses an action and enters a final judgment,. . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Begay v. Leap*, 3:17-CV-2639-N-BT, 2019 WL 2719323, at *1 (N.D. Tex. May 28, 2019), *report and recommendation adopted*, 3:17-CV-2639-N-BT, 2019 WL 2716501 (N.D. Tex. June 28, 2019) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Because the Court dismissed the case with prejudice and

entered final judgment, '[u]nder the rule in this Circuit, plaintiff['s] post-dismissal motion must be treated as a motion under Rule 59(e) [or Rule 60(b)], not Rule 15(a).'" *Id.* (quoting *Rosenzweig*, 332 F.3d at 864) (citing *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992)). A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Because Plaintiff's filing comes before the expiration of twenty-eight days, the Motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

As an initial matter, Plaintiff's filings do not point to any intervening change of law. Further, Plaintiff does not proffer any evidence that was previously undiscovered or unavailable to him prior to the Court's decision to deny him leave to file his proposed Third Amended Complaint. Because Plaintiff does not point to any intervening change in the law or proffer new

3

evidence, reconsideration is improper on such grounds. The Court proceeds to evaluate whether Plaintiff has identified a manifest error in the Court's findings of law and/or fact.

Plaintiff again asserts that he was entitled to leave for the filing of his Third Amended Complaint as a result of his inherent rights under the Americans with Disabilities Act and the Older Americans Act; specifically, Plaintiff argues that:

> [D]efendants had presented fallacious arguments denying Plaintiff's rights under the ADAAA and the OAARA. So, this Court denied Plaintiff's motions, gave orders for Plaintiff to file responses, motions, etc., within 60 days or less, declared the SAC the live pleading (which was a draft, a work in progress), consequently issued two R&Rs full of errors, rejected the TAC (Doc.# 80) or whatever was appropriate or according to the rules.
>
> To make matters worse, Plaintiff has been with an eye infection, beginning at the end of February and all through March, that kept him from reading or writing (This health problem was in addition to other health problems he has had). Consequently, he was not able to respond to the Orders, deadlines or otherwise prosecute his case as he would have liked. But now, things are different. Plaintiff has filed two motions that successfully refuted the fallacious arguments of the defendants. Plaintiff has shed legal light on his legal rights under the ADAAA and OAARA, and his applicable rights from both Acts are inalienable and must be honored by this Court. The TAC should be ordered to be the Live Pleading.

(Dkt. #121 at p. 3).[1]

The Court has already considered these arguments. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Federal Rule of Civil Procedure 15(a)(2) provides that "[i]n all other cases,

---

[1] As part of his commentary on the Older Americans Act and its application to the instant suit, Plaintiff asserts, "I have read the OAARA, and as a Philosopher, I find it to be a jewel of Wholistic Thinking, state-of-the-art thinking to help the elderly. Everything that can help the elderly is there, and if it is not mentioned in the OAARA, it orders everybody to figure out ways or at least to support an interdisciplinary approach to find the way to do it. Not in vain, experts in different fields contributed to the writing of this Act. It is one of my favorite pieces of legislation. In order to express my liking of the OAARA, I rearranged the letters of its acronym, and me and other made another one: ROAAA, which would mean: ROA's American Act. It was made for me, to protect senior citizens. So, I protect it back. It is the law. It's Roa's Law" (Dkt. #120 at p. 6).

a party may amend its pleading only with the opposing party's written consent or the court's leave." "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). As previously found, "[t]he ADA and OAA do not guide the Court's analysis regarding whether Plaintiff should be given leave to file his Third Amended Complaint" (Dkt. #118 at p. 3). Further, Plaintiff's filings simply do not demonstrate that he is entitled to leave under Rule 15(a)(2). The record establishes that on May 16, 2018, the Court ordered Plaintiff to amend his Complaint within sixty days for the express purpose of considering all of his factual allegations and claims (Dkts. #24; #25). On July 2, 2018, Plaintiff moved for an additional extension of time to file his amended pleading (Dkt. #45), which the Court granted in part, giving Plaintiff until July 20, 2018, to file his Second Amended Complaint (Dkt. #48). Plaintiff filed his Second Amended Complaint on July 20, 2018, which the Court considered as the live pleading (Dkt. #57). Then, nearly three months after the Court ordered him to file any and all claims he pursues in this lawsuit and only after Defendants had expended resources yet again moving to dismiss Plaintiff's claims, did Plaintiff seek leave to file his Third Amended Complaint. Notably, as the Court previously pointed out, Plaintiff's Third Amended Complaint fails to remedy Plaintiff's pleading deficiencies, and therefore would constitute a futile amendment. No manifest error exists.

Even broadly construing Plaintiff's filings, Plaintiff is not entitled to relief under Rule 59(e).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's "Motion for Judicial Notice of Plaintiff's Rights Under the Older Americans Act Reauthorization Act (OAARA-2016)" (Dkt. #120) and "Motion to Have the Third Amended Complaint (TAC) as the Live Pleading" (Dkts. #121; #122), construed as Rule 59(e) motions to alter or amend the judgment, are each **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 2nd day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE